**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Chapter 7 |
| POTOMAC PILE DRIVER, LLC, | Case No. 17-34078 (KRH) |
| Debtor. | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE**

Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee"), by counsel, moves for the entry of an order, substantially in the form of **Exhibit A** attached hereto, approving a settlement by and among the Trustee, Robin McCormack ("Ms. McCormack"), and Shoreline Service and Design, LLC ("Shoreline"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"). The Trustee states the following in support of this motion:

**PARTIES AND JURISDICTION**

1. Potomac Pile Driver, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on August 14, 2017.

2. Bruce H. Matson was appointed interim Chapter 7 Trustee on August 15, 2017 and resigned on February 21, 2018.

3. The Trustee was appointed the interim Chapter 7 trustee on February 23, 2018 and continues to serve in that capacity.

4873-4838-8391.3

4.      This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

## BACKGROUND

5.      On September 6, 2019, the Trustee initiated an adversary proceeding and filed his Complaint against the Debtor, Ms. McCormack, Shoreline, Brad Martin, Jacob Lillard, and APD3, LLC (collectively, the "Defendants") [Adv. Proc. No. 19-03079; Docket No. 1].

6.      Ms. McCormack is the principal of Shoreline.

7.      On January 30, 2020, the Court entered its *Order Granting Plaintiff's Motion for Default Judgment* [A.P. No. 55] (the "First Summary Judgment Order"), which pierced the corporate veil such that all of the Defendants are responsible for the debts and liabilities of each other Defendant.

8.      On September 11, 2020, the Court entered its *Order Granting Plaintiff's Motion for Summary Judgment* [Adv. Proc. No. 19-03079; Docket No. 96] (the "Second Summary Judgment Order"), which awarded the Trustee $78,581.70 plus the Trustee's administrative costs of $49,216.72 against the Defendants. The Second Summary Judgment Order also awarded the Trustee $577,394.20 against Mr. Martin for breach of his fiduciary duties as a sole member or manager of Potomac Pile.

9.      On September 11, 2020, the Court entered its *Order Denying Motion to Withdraw or Amend Admissions Pursuant to Rule 36(B)* [Adv. Proc. No. 19-03079; Docket No. 97], which awarded the Trustee $6,030.66 in reasonable attorneys' fees (the "Sanctions Order" and together with the First Summary Judgment Order and the Second Summary Judgment Order, the "Judgments").

10. The Trustee has undertaken various efforts to collect the Judgments from the Defendants. On October 15, 2020, the Trustee recorded the Judgments with the Westmoreland Circuit Court. Once the Judgments were recorded, the Trustee, through counsel, sought post-judgment discovery and continued efforts to collect the Judgments.

11. On March 23, 2022, the Trustee filed its *Suggestion for Summons in Garnishment* in the Circuit Court for the County of Westmoreland against Ms. McCormack and Shoreline. As a result, the Trustee received $204.49 from Bank of America and $21,428.07 from Wells Fargo (collectively, the "Garnished Funds").

12. Additionally, the Trustee has been in discussions with counsel for Ms. McCormack and Shoreline and has reached a resolution regarding the Judgments. The Trustee, Ms. McCormack, and Shoreline have agreed that, in addition to the Garnished Funds, Ms. McCormack will pay the Debtor's estate $25,000.00 in five monthly payments of $5,000.00 payable on the 15th day of each month, starting July 15, 2022, and continuing on the same day of each month thereafter, in resolution of the Judgments against Ms. McCormack and Shoreline (the "Settlement"). In exchange, the Trustee has agreed to release the Judgments against Ms. McCormack and Shoreline. For the avoidance of doubt, the Judgments will continue unchanged against the remaining Defendants.

13. The Trustee, upon exercising his business judgment, has determined that the Settlement is in the best interest of the Debtors' estate.

## RELIEF REQUESTED

14. By this Motion, the Trustee respectfully requests the entry of the proposed Order attached hereto approving the Settlement.

4873-4838-8391.3

## ARGUMENT

15. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

16. <u>The probability of success in litigation</u>. Although the Trustee is entitled to payment of the entirety of the Judgments from Ms. McCormack and Shoreline, there exists the very real possibility that the Trustee will not receive any payment in the absence of a settlement or will incur expenses beyond what may be recovered. As such, resolution as set forth in the Settlement is appropriate.

17. <u>The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it</u>. Given the nature of the Trustee's Judgments and the Defendants involved, further actions to collect the Judgments from Ms. McCormack or Shoreline could prove

4873-4838-8391.3

to be factually intensive and may require extensive collection efforts. The Trustee would incur substantial fees in proceeding to seek payment on the Judgments from Ms. McCormack and Shoreline and with the potential to obtain only a minimal recovery. The uncertainty, expenses, inconveniences, and delays attending continued collection efforts would all be avoided as to Ms. McCormack and Shoreline under the Settlement. This factor favors approval of the Settlement.

18. <u>The paramount interest of the creditors</u>. The Settlement provides for an immediate transfer of funds to the Debtor's estate, which in turn will provide a quicker return to the creditors of the Debtor's estate, at a much lower administrative cost than further collection attempts and as such, represents a reasonable settlement. Such a settlement will provide a guaranteed benefit to the estate without the delay and potentially large administrative expenses of ongoing collection efforts. This factor favors approval of the Settlement.

19. As discussed above, the history of this case and between the parties is complex. Accordingly, the Trustee requests that Ms. McCormack and Shoreline be responsible for reimbursing any legal fees and costs of the Trustee to the extent further collection efforts are required for enforcement of the Settlement

**WHEREFORE**, the Trustee requests the Court to (i) approve the Settlement; (ii) require Ms. McCormack and Shoreline to reimburse the Trustee's legal fees and costs associated with enforcement of the Settlement; and (iii) award any further relief the Court deems proper.

[*Remainder of page intentionally left blank*]

                                                  **PETER J. BARRETT, TRUSTEE**

                                                /s/ *Jeremy S. Williams*
                                                          Counsel

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
Jeremy.Williams@kutakrock.com
  *Counsel to Peter J. Barrett, Trustee*

6

4873-4838-8391.3

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 11, 2022, a true and exact copy of the foregoing was served via CM/ECF, electronic mail or first-class mail, postage prepaid, as follows:

Potomac Pile Drive, LLC
30 Lincoln Ave.
Colonial Beach, VA 22443
Westmoreland, VA
*Debtor*

John C. Morgan, Jr.
New Day Legal, PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
*Counsel to Debtor*

Shannon Pecoraro
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219
*U.S. Trustee*

Robin McCormack
214 Marshall Avenue
Colonial Beach, VA 22443

Mark Joseph Dahlberg
Woehrle Franklin Dahlberg Jones
2016 Lafayette Blvd.
Suite 101
Fredericksburg, VA 22401
Mark.dahlberg1@gmail.com
*Counsel to Robin McCormack*

By: /s/ *Jeremy S. Williams*
      Counsel

# EXHIBIT A

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| POTOMAC PILE DRIVER, LLC, ) | Case No. 17-34078 (KRH) |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise* (the "Motion") filed Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of Potomac Pile Driver, LLC (the "Trustee"), by counsel, to approve a settlement by and among the Trustee, Robin McCormack ("Ms. McCormack"), and Shoreline Service and Design, LLC ("Shoreline") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1.    The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on August 14, 2017.

2.    Bruce H. Matson was appointed interim Chapter 7 Trustee on August 15, 2017 and resigned on February 21, 2018.

3.    The Trustee was appointed the interim Chapter 7 trustee on February 23, 2018 and continues to serve in that capacity.

9

4.     This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

## BACKGROUND

5.     On September 6, 2019, the Trustee initiated an adversary proceeding and filed his Complaint against the Debtor, Ms. McCormack, Shoreline, Brad Martin, Jacob Lillard, and APD3, LLC (collectively, the "Defendants") [Adv. Proc. No. 19-03079; Docket No. 1].

6.     Ms. McCormack is the principal of Shoreline.

7.     On January 30, 2020, the Court entered its *Order Granting Plaintiff's Motion for Default Judgment* [A.P. No. 55] (the "First Summary Judgment Order"), which pierced the corporate veil such that all of the Defendants are responsible for the debts and liabilities of each other Defendant.

8.     On September 11, 2020, the Court entered its *Order Granting Plaintiff's Motion for Summary Judgment* [Adv. Proc. No. 19-03079; Docket No. 96] (the "Second Summary Judgment Order"), which awarded the Trustee $78,581.70 plus the Trustee's administrative costs of $49,216.72 against the Defendants.  The Second Summary Judgment Order also awarded the Trustee $577,394.20 against Mr. Martin for breach of his fiduciary duties as a sole member or manager of Potomac Pile.

9.     On September 11, 2020, the Court entered its *Order Denying Motion to Withdraw or Amend Admissions Pursuant to Rule 36(B)* [Adv. Proc. No. 19-03079; Docket No. 97], which awarded the Trustee $6,030.66 in reasonable attorneys' fees (the "Sanctions Order" and together with the First Summary Judgment Order and the Second Summary Judgment Order, the "Judgments").

10.    The Trustee has undertaken various efforts to collect the Judgments from the

Defendants. On October 15, 2020, the Trustee recorded the Judgments with the Westmoreland Circuit Court. Once the Judgments were recorded, the Trustee, through counsel, sought post-judgment discovery and continued efforts to collect the Judgments.

11. On March 23, 2022, the Trustee filed its *Suggestion for Summons in Garnishment* in the Circuit Court for the County of Westmoreland against Ms. McCormack and Shoreline. As a result, the Trustee received $204.49 from Bank of America and $21,428.07 from Wells Fargo (collectively, the "Garnished Funds").

12. Additionally, the Trustee has been in discussions with counsel for Ms. McCormack and Shoreline and has reached a resolution regarding the Judgments. The Trustee, Ms. McCormack, and Shoreline have agreed that, in addition to the Garnished Funds, Ms. McCormack will pay the Debtor's estate $25,000.00 in five monthly payments of $5,000 payable on the 15th day of each month, starting July 15, 2022, and continuing on the same day of each month thereafter, in resolution of the Judgments against Ms. McCormack and Shoreline (the "Settlement"). In exchange, the Trustee has agreed to release the Judgments against Ms. McCormack and Shoreline. For the avoidance of doubt, the Judgments will continue unchanged against the remaining Defendants.

13. The Trustee, upon exercising his business judgment, has determined that the Settlement is in the best interest of the Debtors' estate.

14. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997).

These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

15. The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with further litigation and collection efforts and the implications of his success, and has concluded the compromise is fair, reasonable, and serves the best interests of the estate and the creditors. In consideration of the probability of success in further collection efforts, the complexity of the litigation and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Trustee's business judgment to enter into the compromise.

16. Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted and the Settlement is approved.

2. The Trustee is authorized to take all necessary actions and execute all required documents to consummate the terms of any agreements executed in connection with the Settlement.

3. Upon entry of this order, the Defendants shall immediately remit the Settlement proceeds to the Trustee.

4. To the extent the Trustee requires legal assistance in enforcing this Settlement, Ms. McCormack and Shoreline shall be jointly and severally liable for reimbursing the Trustee's legal fees and costs associated with such enforcement efforts.

5. The Court retains jurisdiction to resolve any issues arising in connection with the Settlement.

6. All necessary parties shall receive a copy of this Order via the Court's ECF system.

ENTERED: _____

UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:
/s/ *Jeremy S. Williams*
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
901 E Byrd Street Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel to Peter J. Barrett, Trustee*

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**
Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify under penalty of perjury that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*

13